UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

FILED
OCT 23 2009
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

| STACY DAVIS | ) | 09  4884 |
| --- | --- | --- |
| | ) | Case Number |
| Plaintiff | ) | |
| | ) | CIVIL COMPLAINT |
| vs. | ) | |
| | ) | |
| FINANCIAL RECOVERY SERVICES, INC | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Stacy Davis, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Stacy Davis, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.



## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant transacts business in this District.

## III. PARTIES

4. Plaintiff, Stacy Davis, is an adult natural person residing at 3427 Heatherwood Trace Clarksville, TN 37040.

5. Defendant, Financial Recovery Services, Inc. ("Defendant"), at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the State of Tennessee and the Commonwealth of Pennsylvania with its principal place of business located at 4640 W 77th Street Ste. 300 Minneapolis, MN 55435, and a registered address at 1515 Market St. Ste. 1210 Philadelphia, PA 19102.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

7. Beginning on October 7, 2009, Plaintiff received a message on her cellular phone from Defendant regarding an alleged debt with Washington Mutual.

8. On October 12, 2009, Plaintiff received another call on her cell phone at 7:43am and spoke to Defendant's male agent, "Neil".

9. Defendant's male agent, "Neil", requested the Plaintiff pay the debt off. Plaintiff explained that she did not have the money at this time.

10. On October 12, 2009, Defendant called Plaintiff's cell phone at 5:30pm and left a message.

11. Plaintiff called the Defendant back at 5:50pm and spoke with male agent, "Neil".

12. Defendant's male agent, "Neil", told the Plaintiff that if she did not pay, then Plaintiff's husband would have to.

13. Defendant's agent explained to Plaintiff that she lives in Kentucky, which is one of the states by law that require her husband to pay.

14. Plaintiff told Defendant's agent that she does not reside in Kentucky.

15. Defendant's agent sent the Plaintiff a letter to her previous address in Virginia. Plaintiff gave Defendant's agent her current address to resend the letter.

16. Defendant's agent asked the Plaintiff to make a payment. She replied that she could not at this time. Defendant's agent explained that her file would be passed onto legal review and quickly hung up.

17. On October 12, 2009, Defendant called at 6:30pm and asked for Plaintiff's husband.

18. Defendant made Plaintiff's husband aware of her debt and asked him if he knew about it. He replied, "No", and the Defendant hung up.

19. The Defendant acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

20. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

21. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

22. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

23. As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT 1 – FDCPA

24. The above paragraphs are hereby incorporated herein by reference.

25. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

26. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer, before 8:00am or after 9:00pm. Defendant called Plaintiff's cell phone at 7:43am. |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress, or abuse any person. |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection. |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended to be taken. Defendant's agent told Plaintiff her file would be passed onto legal review. |
| §§ 1692e(13) | Documents are legal processes when they are not. |

| | |
|---|---|
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt. |
| §§ 1692g | Failure to send the consumer a 30-day validation notice within five days of the initial communication. |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Financial Recovery Services, Inc., for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date: October 16, 2009**         **BY:** _/s/ Bruce K. Warren_
Bruce K. Warren, Esquire
_/s/ Brent F. Vullings_
Brent F. Vullings, Esquire
Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA 19111
215-745-9800   Fax 215-745-7880
Attorney for Plaintiff